**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MPH TECHNOLOGIES OY,

Plaintiff,

v.

APPLE INC.*,*

Defendant.

Case No. 3:24-CV-00271-ART-CLB

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

[ECF No. 1]

Before the Court is Plaintiff MPH Technologies Oy's ("MPH") motion to compel third party VirnetX, Inc. ("VirnetX") to produce documents responsive to MPH's subpoena. (ECF Nos. 1, 9[1].) VirnetX responded, (ECF No. 4), and MPH replied. (ECF No. 10.) For the reasons stated below, the Court grants MPH's motion to compel.

I.      **BACKGROUND**

In 2018, MPH filed a lawsuit against Defendant Apple, Inc. ("Apple") for patent infringement in the Northern District of California ("California Lawsuit"). *MPH Technologies Oy v. Apple, Inc.*, Case No. 3:18-cv-05935-TLT (N. D. Cal. filed Sept. 27, 2018). The suit alleges Apple infringed on MPH's patents which relate and pertain to sending messages through secure connections, specifically through those devices, servers, and associated software that support, are used and practice Apple's iMessage, FaceTime, and other services utilizing the Apple Push Notification service. (ECF No. 1 at 3.) MPH also alleges Apple infringed on MPH's patent through Apple's Always On VPN feature. (*Id.*)

MPH is now seeking documents from VirnetX relating to two patent infringement lawsuits that VirnetX filed against Apple in the Eastern District of Texas ("VirnetX Lawsuits"). (ECF No. 1.) MPH argues the VirnetX Lawsuits share similarities with the

---

[1]      On July 16, 2024, MPH filed a notice of refiling of exhibits to its motion to compel because the original exhibits were filed out of order. (*See* ECF No. 9.)

California Lawsuit because "VirnetX's suits involved similar patented technology and some of the very same accused Apple products and features." (*Id.* at 2.) MPH argues the licenses and damages expert reports from the VirnetX Lawsuits are "highly relevant" to MPH's litigation for the determination of any damages, including reasonable royalty damages. (*Id.*) VirnetX objected to producing the documents, (ECF No. 9-3), and MPH moved to enforce the subpoena in the District of Nevada.[2] (ECF No. 1 at 5-6.)

### A.     VirnetX Lawsuits

In 2010, VirnetX sued various entities, including Apple, in the Eastern District of Texas for patent infringement for "technology for providing security over networks such as the Internet" based on Apple's FaceTime and "VPN on Demand" features. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014). The case proceeded to trial, where the jury awarded VirnetX $362.2 million in damages. *Id.* at 1313. On appeal, the award of damages was vacated, and the issue remanded for further proceedings. *Id.* at 1314. Upon remand, the jury found that Apple's FaceTime feature infringed on two of VirnetX's patents and awarded $302.4 million in damages for the collective infringement by the VPN on Demand and FaceTime features in the accused Apple products. *VirnetX Inc. v. Apple Inc.*, 324 F. Supp. 3d 836, 844 (E.D. Tex. 2017). The district court found the record contained sufficient evidence to support the jury's damages award because it was based on VirnetX's expert's opinion, *id. at* 856-58, and the Federal Circuit affirmed. *VirnetX Inc. v. Cisco Sys., Inc.*, 748 F. App'x 332 (Fed. Cir. 2019).

[2]     The Court notes that the United States District Court for the District of Delaware recently ruled on a motion to compel a third-party, Omni Bridgeway ("Omni"), to comply with a subpoena issued in the California Lawsuit. *Apple Inc. v. Omni Bridgeway (USA) LLC*, No. 1:24-mc-00330-CFC (D. Del. Aug. 6, 2024). In that case, Omni consented to and requested the transfer of the action to the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f). *Id.* "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Court granted Omni's request and transferred the action to the Northern District of California. *Apple Inc.*, No. 1:24-mc-00330-CFC. Here, because VirnetX did not consent to a transfer and the Court does not find that exceptional circumstances exist, the Court will not exercise its discretion to transfer this action to the Northern District of California. Fed. R. Civ. P. 45(f).

1    Two years later, VirnetX filed another lawsuit against Apple in the Eastern District

2    of Texas based on a redesigned VPN on Demand and redesigned FaceTime service.

3    *VirnetX Inc. v. Apple Inc.*, No. 6:12-cv-00855-RWS, 2018 WL 10048706 (E.D. Tex, Aug.

4    30, 2018). At trial, the jury returned a verdict finding both VPN on Demand and FaceTime

5    to infringe on each asserted patent and awarding $502.5 million in damages. *Id.* at *2.

6    The district court upheld the jury's verdict and award of damages, including the jury's

7    reliance on the royalty calculation by VirnetX's expert. *Id.* at *15.

8    On appeal, the Federal Circuit affirmed infringement on patents by the redesigned

9    VPN on Demand but reversed infringement of the patents based on the redesigned

10    FaceTime service. *VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 813 (Fed. Cir. 2019). As

11    the award of damages did not indicate which portions were allocated to which patents,

12    the Federal Circuit vacated the damage award and remanded the case for proceedings

13    on damages. *Id.* at 812-13. On remand, the jury again awarded damages to VirnetX.

14    *VirnetX Inc. v. Apple Inc.*, No. 2021-1672, 2023 WL 2770074, at *1 (Fed. Cir. Mar. 31,

15    2023), *cert. denied sub nom. VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 144

16    S. Ct. 1001 (2024). However, "[i]in the meantime, the Patent Trial and Appeal Board found

17    both patents unpatentable" and the Federal Circuit affirmed the Board's decision. *Id.*

18    (citing *VirnetX Inc. v. Mangrove Partners Master Fund*, Nos. 20-2271, 20-2272 (Fed. Cir.

19    Mar. 30, 2023).) Critically, both parties had agreed that if the decision of the Patent Trial

20    and Appeal Board was upheld, VirnetX would no longer have a legally cognizable cause

21    of action against Apple because the Patent and Trademark Office would be obligated to

22    cancel the claims of both patents. *Id.* (citations omitted). Thus, the Federal Circuit vacated

23    the district court's judgment and remanded the case to be dismissed as moot. *Id.*

24    **B.    MPH's Subpoena**

25    During discovery in the California Lawsuit, MPH served a subpoena on VirnetX for

26    documents from the VirnetX Lawsuits. Specifically, MPH seeks: (1) patent licensing

27    agreements entered into by or for VirnetX relating to virtual private networking, secure

28    messaging, or videoconferencing; (2) patent license agreements produced or identified

as relevant during the VirnetX Lawsuits; patent license agreements entered into by or for VirnetX relating to infringement of claims asserted by or for VirnetX against Apple; and (4) damages expert reports from the VirnetX Lawsuits. (ECF No. 1 at 5; ECF No. 9-2 at 1-7.)

On March 22, 2024, VirnetX served its objections and responses to the subpoena. (ECF No. 9-3.) Generally, VirnetX objected to the subpoena on the basis that MPH's requests for productions ("RFP") are not relevant to any claim or defense, not proportional to the needs of the case, and unduly burdensome. (*Id.*) VirnetX did not provide any documents pursuant to MPH's subpoena. (*Id.*) The parties subsequently had two meet and confers regarding the discovery dispute, but ultimately VirnetX "confirmed that it remains unwilling to produce the requested documents." (ECF No. 1 at 5.)

## II.    LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to a party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *see also ATS Prods., Inc. v. Champion Fiberglass, Inc*., 309 F.R.D. 527, 530 (N.D. Cal. 2015) (the scope of third-party discovery is subject to the same limitations). The discovery process should be cooperative and largely unsupervised by the court. *Sali v. Corona Reg. Med. Ctr*., 884 F.3d 1218, 1219 (9th Cir. 2018).

Rule 45 governs the issuance of subpoenas requiring non-parties to produce designated documents. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). When a nonparty is served with a subpoena, it has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3) move to

1    quash or modify the subpoena in accordance with Rule 45(d)(3). *See Genx Processors*

2    *Mauritius Ltd. v. Jackson*, No. 2:14-cv-019830-APG-PAL, 2018 WL 5777485, at *9 (D.

3    Nev., Nov. 2, 2018) (citing *In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014). Timely

4    written objections to a subpoena in accordance with Rule 45(d) qualify as an "adequate

5    excuse" for noncompliance. *Id.* (citing *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 930 (N.D.

6    Ill. 2010); *In re Exxon Valdez*, 142 F.R.D. at 385). When a nonparty raises timely

7    objections to the subpoenas, the nonparty is not required to produce documents, or even

8    search for them, until the propounding party obtains an order directing compliance. *Genx*

9    *Processors*, 2018 WL 5777485, at *9 (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708

10   F.2d 492, 494 & n.5 (9th Cir. 1983); *In re Plise*, 506 B.R. at 878; *DeGeer*, 755 F. Supp.

11   2d at 930.)

12          The scope of discovery under a subpoena issued pursuant to Rule 45 is the same

13   as the scope of discovery allowed under Rule 26(b)(1) – material that is relevant to a

14   claim or defense of any party. *Paws Up Ranch, LLC v. Green*, No. 2:12–cv–01547–GMN–

15   NJK, 2013 WL 6184940, at *3-4 (D. Nev. Nov. 22, 2013) (internal citation omitted). The

16   court must quash or modify a subpoena that "subjects a person to undue burden." Fed.

17   R. Civ. P. 45(d)(3)(A)(iv). "[T]he order must protect a person who is neither a party nor a

18   party's officer from significant expense resulting from compliance." Fed. R. Civ. P.

19   45(d)(2)(ii). What constitutes an "undue burden" is the same when a nonparty is

20   subpoenaed under Rule 45 as when a party receives a RFP under Rule 34. *Mount Hope*

21   *Church v. Bash Back!,* 705 F.3d 418, 429 (9th Cir. 2012) ("[W]e will not read 'undue

22   burden' differently just because a non-party was subpoenaed."). As the "rule of

23   proportionality" concerns the scope of discovery generally, *see* Rule 26(b)(2)(C)(iii), it

24   applies both to Rule 34 requests to parties and to Rule 45 subpoenas to non-parties. *St.*

25   *Jude Medical S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 637 (D. Or. 2015).

26   ///

27   ///

28   ///

1   **III.      DISCUSSION**

2           **A.      Relevance**

3           First, the Court will evaluate whether VirnetX has met its burden of showing the

4   requested documents are relevant to the California Lawsuit. *Playstudios, Inc. v.*

5   *Centerboard Advisors, Inc.*, No. 2:18-cv-01423-JCM-NJK, 2019 WL 8128168, at \*3 (D.

6   Nev. July 18, 2019) ("The party issuing a Rule 45 subpoena must demonstrate that the

7   information sought is relevant[.]"). The scope of discovery for Rule 45 subpoenas is a

8   liberal standard – anything related to the claims or defenses of any party while balancing

9   the benefit of such documents against the burden and expense of producing them. *Wells*

10  *Fargo Bank, N.A. v. Iny*, 2014 WL 1796216, at \*2 (D. Nev. May 6, 2014); *see* Fed. R. Civ.

11  P. 26(b).

12          MPH argues the documents sought from VirnetX are relevant because MPH is

13  seeking damages in the form of a reasonable royalty pursuant to 35 U.S.C. § 284 in the

14  California Lawsuit. (ECF No. 1 at 6-9.) MPH argues the reasonable royalty analysis from

15  the VirnetX Lawsuits are relevant because the technology at issue in the VirnetX Lawsuits

16  is so closely related to and overlaps with the technology at issue in the California Lawsuit.

17  (*Id.* at 6.) MPH claims the expert reports from the VirnetX Lawsuits are relevant because

18  they include information that was considered by the testifying experts and which MPH's

19  damages expert will consider in assessing the comparability of those verdicts, including

20  the licenses on which they are based, to the hypothetical license to MPH's asserted

21  patents in the California lawsuit. (*Id.* at 7.)

22          In opposition, VirnetX argues MPH has not shown that the technology is similar

23  enough for the documents to be relevant in the California Lawsuit. However, courts have

24  ordered the production of documents in situations where the moving party failed to show

25  the patents in question satisfied a "technological nexus" but did show traditional Rule

26  26(b) relevance. *Apple Inc. v. Samsung Electronics Co. Ltd.*, No. 12–CV–0630–LHK

27  (PSG), 2013 WL 3246094, at \*21-22 (N.D. Cal. June 26, 2013). The Court found that

28  although "FaceTime may practice several different patents, [] Apple's policies regarding

FaceTime and Apple's theories regarding the FaceTime's effect on Apple's profitability would aid Samsung in its preparation of its willful and indirect infringement theories and its damages theories for the accused functionalities within the application." *Id.* Thus, even if the functionalities of the patents at issue in the two cases are not the same, the documents can still be relevant. *Id.* Relevance does not require that the discovery be admissible, only that it may lead to admissible evidence. Fed. R. Civ. P. 26(b).

Here, MPH has shown that the California Lawsuit and VirnetX Lawsuits concern the same Apple features, namely FaceTime and VPN services. (*See* ECF No. 1.) Although the VirnetX litigation concerned "VPN on Demand" where the California Litigation concerns "Always On VPN," the concepts are sufficiently similar to show that discovery of the documents concerning VPN on Demand could plausibly lead to admissible evidence regarding Always On VPN. From Apple's website, Always On VPN is utilized for devices managed through a specific system and "eliminates the need for users to turn on VPN to enable protection when connecting to cellular and Wi-Fi networks." Virtual private network (VPN) security, *Apple, Inc.*, https://support.apple.com/guide/security/vpn-security-sec802e8ab55/web (published February 18, 2021; last visited August 9, 2024). VPN on Demand is used for networks that use certificate-based authentication where IT policies specify which domains require a VPN connection by using a VPN configuration profile. *Id.* Consequently, MPH has sufficiently demonstrated that the requested documents are relevant to the damage calculations in the California Lawsuit because the VirnetX and California Lawsuits concern Apple's FaceTime and VPN services. *Apple, Inc.*, 2013 WL 3246094, at *21-22.

**B.     Undue Burden**

Turning to the issue of whether the subpoena constitutes an undue burden, the Court will address the parties' lengthy arguments regarding whether the discovery sought from VirnetX can be obtained from Apple. (*See* ECF Nos. 1, 4, 10.) While a Court may restrict discovery from non-parties based on its obligation to protect non-parties from being unduly burdened with subpoenas for documents that can more easily and

inexpensively be obtained from the opposing party, the Court is not required to do so. *Playstudios, Inc.*, 2019 WL 8128168, at *3 (citing *McCall v. State Farm Mutual Automobile Insurance*, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017)). Here, the question of whether Apple can provide the requested documents has not been decided by the Northern District of California. (*See* ECF No. 9-7.) However, MPH has demonstrated that they are actively pursuing other means of acquiring the documents but do not currently have the requested documents. (*Id.*) As the Court is not required to protect VirnetX from compliance with the subpoena because the information might be discoverable from Apple, the Court declines to do so for this reason alone. *Playstudios, Inc.*, 2019 WL 8128168, at *3.

Now, the Court will look to whether VirnetX has shown that compliance with the subpoena will cause an undue burden for other reasons. VirnetX represents that compliance with the subpoena would cause undue burden because it would "require[e] notice procedures to third party licensees and negotiations with Apple regarding its confidential information in the expert reports." (ECF No. 4 at 3.) In reply, MPH argues VirnetX failed to support its claim of undue burden because there is no explanation of what the notice procedures would entail or how many licenses would be subject to such a notice. (ECF No. 10 at 5.) The Court agrees that VirnetX has not adequately explained the burden imposed by any notice requirements. For example, VirnetX repeatedly argues the Court should deny MPH's motion because MPH can get the documents from Apple instead, but VirnetX does not explain why the notice requirements are different based on whether Apple or VirnetX is disclosing the information. (*See* ECF No. 4.) The Court declines to find these "notice requirements" to be an undue burden where it seems the notices might be required regardless of the Court's ruling on the motion to compel. Fed. R. Civ. P. 45(d)(3)(A)(iv).

As to negotiations with Apple regarding confidential information, VirnetX provides as an exhibit an example of an unopposed motion to amend the protective order in the VirnetX Lawsuits because of the discovery issues and motion to compel pending in the

California Lawsuit. (ECF No. 4 at 3; ECF No. 4-3.) The unopposed motion was granted, and protective order was modified to allow Apple to retain copies of all discovery material until the motion to compel in the California Lawsuit is decided. (ECF No. 4-3.) VirnetX also argues that while they cannot know with absolute certainty what is in Apple's possession, "it appears Apple indeed has the documents requested by MPH." Although coordinating with Apple on the protective order in the VirnetX Lawsuits is not an inconsequential task, the fact that VirnetX did not oppose the amendment of the protective order indicates that coordination will not be an undue burden. Further, MPH points out that Apple has already agreed to a protective order in the California Lawsuit and therefore Apple "should have no issue with VirnetX producing any of its confidential information under the stringent confidentiality designations provided therein." (ECF No. 10 at 5.) Thus, the Court finds that VirnetX has not sufficiently demonstrated that any negotiations with Apple arising from the granting of MPH's motion to compel would be unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A)(iv).

MPH also argues that VirnetX has not disputed MPH's assertion that the requested documents are "undoubtedly readily accessible in the files of VirnetX's trial counsel, who is also representing VirnetX here." (ECF No. 10 at 5.) VirnetX does not argue that the documents would be expensive to produce or provide any other argument relating to the burden of compliance with the subpoena. VirnetX makes no arguments related to the proportionality of MPH's requests. Thus, there is no basis for the Court to modify or quash the subpoena to protect VirnetX from significant expense resulting from compliance. Fed. R. Civ. P. 45(d)(2)(ii).

Consequently, the Court finds that MPH's motion to compel compliance with the subpoena should be granted because MPH has shown the information sought is relevant and VirnetX failed to demonstrate that compliance would be an undue burden.

IV.   CONCLUSION

IT IS THEREFORE ORDERED that MPH's motion to compel VirnetX's compliance with subpoena, (ECF No. 1), is GRANTED.

1    **IT IS FURTHER ORDERED** that this action be **CLOSED** and that judgment be

2    entered accordingly.

3         **IT IS SO ORDERED**.

4    **DATED**: _____August 13, 2024_____.

5                                                    _____

6                                                    **UNITED STATES MAGISTRATE JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28